**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                        Case No.:    3:16-cr-104-J-32JRK-3

KEENO TAWWAH JACKSON

_____/

## ORDER

This case is before the Court on Defendant Keeno Tawwah Jackson's Motion for Compassionate Release (Doc. 258) and Supplement to Motion (Doc. 260). The government has responded in opposition (Doc. 261), and Defendant has replied (Doc. 263).

Defendant is incarcerated at Edgefield FCI, serving a 120-month term of imprisonment for conspiracy to possess with intent to distribute more than five kilograms of cocaine. (Doc. 199, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released on March 3, 2025. Defendant seeks early release from prison under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), citing an unspecified heart disease and the Covid-19 pandemic. The United States opposes the motion because Defendant has not shown the existence of extraordinary and compelling circumstances, because the BOP is taking significant measures to respond to the Covid-19 crisis, and because the § 3553(a) factors do not support a reduction in sentence.

1

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> **(A)**  the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > **(i)**  extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13. A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

Petitioner has not shown "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. While the Covid-19 pandemic has ravaged many cities and communities, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Nor does Petitioner's allegation of having an unspecified heart disease – alone or in combination with Covid-19 – create an extraordinary and compelling justification for compassionate release. On closer inspection of the medical records, it appears that Petitioner has high blood pressure and high cholesterol. (See Doc. 258-1 at 2-3; Doc. 263-1). Neither of these conditions is extraordinary. According to the Centers for Disease Control (CDC), 108 million adults in the United States (nearly 45%) have high blood pressure or take medication for the condition.[1] Similarly, 95 million adults in the United States have total cholesterol levels above 200 mg/dL.[2] The CDC states that those with "[s]erious heart conditions, such as heart failure, coronary artery disease, and cardiomyopathies" are at increased risk of severe illness from Covid-19, but that those with high blood pressure only "might be at increased risk for severe

---

[1]   https://www.cdc.gov/bloodpressure/facts.htm.
[2]   https://www.cdc.gov/cholesterol/facts.htm.

illness."[3] The CDC says nothing specific about high cholesterol as a risk factor for severe infection.

That Petitioner has high blood pressure and hyperlipidemia is offset by several factors: (1) Petitioner is receiving medication for both conditions, including atorvastatin, hydrochlorothiazide, and lisinopril (Doc. 258-1); (2) Petitioner is 41 years old; (3) according to the BOP's latest data, no inmates are currently positive for Covid-19 at Edgefield FCI[4]; and (4) the BOP has undertaken extensive efforts to control the spread of the virus within its facilities. Petitioner's medical records also show that he is not experiencing heart failure. (See, e.g., Doc. 263-1 at 1, 5, 7, 9, 11). Taken together, the record does not show that Petitioner suffers from a serious medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Moreover, even if Petitioner had demonstrated extraordinary and compelling reasons for compassionate release, the Court would still have to determine that he is not a danger to the community, U.S.S.G. § 1B1.13(2), and the Court would have to consider the sentencing factors under 18 U.S.C. §

---

[3]     https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis in original).

[4]     https://www.bop.gov/coronavirus/

3553(a), id., § 3582(c)(1)(A). These considerations do not support early release. Petitioner's offense and criminal history reflect serious involvement in drug trafficking. Between 2012 and 2014, Petitioner obtained and distributed around 19 kilograms of cocaine. (Doc. 186, PSR at ¶¶ 16, 17). When the police arrested Petitioner in August 2016, he had $31,000 cash in his truck, which police believed to be drug proceeds. (Id. at ¶ 16). Before the instant offense, Petitioner was also convicted of aggravated assault and aggravated felony fleeing or attempting to elude a police officer. (Id. at ¶ 43). The offense description states that Petitioner, who was suspected of distributing drugs, fired a gun at detectives who were surveilling his house and subsequently fled from a police officer who tried to conduct a traffic stop. (Id.). Together with Petitioner's age (41), these facts suggest he may be a danger to the community if released, or at the very least, that he poses a substantial risk of reoffending.

Additionally, if the Court were to release Petitioner early, he would avoid serving nearly five years of his 120-month term of imprisonment. Allowing Petitioner to avoid serving such a substantial part of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. 18 U.S.C. § 3553(a)(2); United States v. Pawlowski, --- F. App'x ---, No. 20-2033, at 5-7 (3d Cir. Jun. 26, 2020) (in weighing the § 3553(a) factors, the district court properly considered the

amount of the sentence the defendant would avoid serving if granted compassionate release).

Therefore, in light of the above, Defendant Keeno Tawwah Jackson's Motion for Compassionate Release (Doc. 258) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of July, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se defendant

6