**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                 Case No.:    3:16-cr-104-TJC-JRK-3

KEENO TAWWAH JACKSON

_____/

**ORDER**

    This case is before the Court on Defendant Keeno Tawwah Jackson's renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 281, "Renewed Motion"). Defendant is currently on home confinement under the supervision of Orlando RRM, serving a 120-month term of imprisonment for conspiracy to possess with intent to distribute more than five kilograms of cocaine. (Doc. 199, Judgment). According to the Bureau of Prisons (BOP), his term of imprisonment expires on March 3, 2025. Defendant previously filed a motion for compassionate release in 2020 based on the Covid-19 pandemic, which the Court denied. (Doc. 265). The Eleventh Circuit Court of Appeals affirmed the Court's Order. United States v. Jackson, 847 F. App'x 792 (11th Cir. 2021).

    Defendant states that he has new grounds for compassionate release. The new facts are these: (1) on April 1, 2021, he was released to home confinement

for a period of three and a half years (effectively the remainder of his term in prison), and (2) the BOP selected Defendant to be "put in" for clemency.

Defendant neither alleges nor provides any evidence that he has exhausted administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), or that 30 days have lapsed since the receipt of Defendant's request by the warden of his facility. Section 3582(c)(1)(A)'s exhaustion requirement is a firm prerequisite to filing a motion for compassionate release in district court, which is not subject to judicially created exceptions. United States v. Alam, 960 F.3d 831, 833-36 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Because there is no indication that Defendant has attempted to exhaust his administrative remedies, the Renewed Motion is due to be denied.

Moreover, the Renewed Motion fails to demonstrate "extraordinary and compelling reasons" for a sentence reduction. None of the circumstances that Defendant cites in his Renewed Motion falls within the scope of the extraordinary and compelling circumstances described in U.S.S.G. § 1B1.13, cmt. 1. See United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021) (holding that § 1B1.13 remains an applicable policy statement for defendant-initiated motions for compassionate release, and that Application Note 1(D) does not authorize courts to develop "other reasons"), cert. denied, — S. Ct. —, 2021 WL 5763101 (Dec. 6, 2021). Moreover, the BOP released Defendant to home confinement on April 1, 2021, where Defendant remains today. Defendant

2

states that he will be in home confinement for three and a half years, or effectively the rest of his term of imprisonment. There is no indication the BOP plans to send him back to prison. Although a transfer to home confinement does not preclude relief under § 3582(c)(1)(A) as a matter of law, "[n]ow that Defendant is serving the remainder of his term on home confinement, there is no extraordinary and compelling reason to reduce his sentence." United States v. Bradley, No. 13–CR–20622, 2020 WL 4676377, at *2 (E.D. Mich. Aug. 12, 2020); see United States v. Gunn, No. 1:16-cr-10024, 2021 WL 719889, at *2–3 (C.D. Ill. Feb. 24, 2021) (collecting cases).

Accordingly, Defendant's Renewed Motion under 18 U.S.C. § 3582(c)(1)(A) (Doc. 281) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of January, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se defendant